# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | | |
|---|---|---|
| STATE OF WASHINGTON, | | |
| Respondent, | | NO. 52747-2-II |
| v. | | |
| TONY MICHAEL KING, | | UNPUBLISHED OPINION |
| Appellant. | | |

GLASGOW, J.—In 2013, Tony Michael King pleaded guilty to first degree assault, third degree rape, and felony harassment—all domestic violence offenses. King's victim was a woman who was married to another man and having an affair with King. DNA evidence was collected from the victim but never tested.

In 2017, King filed a motion for postconviction DNA testing. King acknowledged having sexual intercourse with the victim but contended the sex acts were consensual. He argued that the postconviction DNA test would likely show the presence of other DNA, as well as his, supporting his theory that the victim lied about the sex being nonconsensual in order to cover up her multiple extramarital affairs.

The superior court denied King's motion for postconviction DNA testing, concluding that DNA testing would not provide significant new, relevant, or admissible information because DNA testing cannot prove whether force was used or whether the sexual intercourse was consensual. The superior court further concluded that whether the DNA testing showed the presence of another

person's DNA, the absence of any DNA, or only King's DNA, the results would not demonstrate King's innocence on a more probable than not basis.

King appeals arguing that the superior court abused its discretion when it denied his motion for postconviction DNA testing. We disagree and affirm.

FACTS

In 2013, the State charged King with first degree assault, second degree rape, felony harassment, and unlawful imprisonment, with deadly weapon enhancements. The probable cause declaration reflects that King was having an affair with a married woman. When the woman refused to leave her husband for King, he became upset, threatened her with a knife, duct taped her wrists, ankles, and mouth, and locked her in his bedroom. While the victim was locked in the bedroom, King had sexual intercourse with her three times. King squirted a mixture of acid and poison into the victim's eye.

King then took the victim to Walgreens for her injured eye. While there, the victim approached several people seeking help. Law enforcement responded, and when they attempted to contact King, he ran but was ultimately apprehended. The victim was taken to the hospital for treatment of her injuries. Hospital staff performed a sexual assault examination, and law enforcement took the victim's clothes into evidence. King contended that the sexual intercourse with the victim was consensual, he duct taped her to "try a new sexual experience," and he "accidentally" squirted acid into her eye. Suppl. Clerk's Papers (CP) at 200.

King ultimately pleaded guilty to first degree assault, third degree rape, and felony harassment—all domestic violence offenses. No DNA testing was done prior to King's guilty plea.

In 2018, King filed a motion for postconviction DNA testing under RCW 10.73.170. King argued that he had consensual sex with the victim and that postconviction DNA testing would more than likely show that the victim was having multiple extramarital affairs. King argued that if the DNA test results showed mixed DNA, it would "corroborate [his] contention it was consensual sex and that [the victim] was routinely having sex with multiple partners, thus she made false accusations against [King] to cover up her affairs from her husband." CP at 52. He also argued that if the test identified only his DNA, that would prove he allowed her to change her clothes "support[ing] an inference to consensual sex and no imprisonment." CP at 53-54.

The superior court denied King's motion for postconviction DNA testing, concluding that because there was no factual dispute that sexual intercourse occurred between the victim and King, DNA evidence would not lead to any more relevant information on the issue of consent. The superior court concluded that the DNA testing would not demonstrate King's innocence on a more probable than not basis because "DNA testing cannot prove whether force was used or whether sexual intercourse was consensual." CP at 191. The superior court further concluded that whether the DNA testing showed the presence of another person's DNA, the absence of any DNA, or only King's DNA, the results would not demonstrate King's innocence on a more probable than not basis.

King appeals.

ANALYSIS

King argues that the superior court abused its discretion when it denied his motion for postconviction DNA testing under RCW 10.73.170. We disagree.

3

We review a trial court's ruling on a motion for postconviction DNA testing for abuse of discretion. *State v. Thompson*, 173 Wn.2d 865, 870, 271 P.3d 204 (2012). A trial court abuses its discretion when it bases its decision on untenable or unreasonable grounds. *State v. Magers*, 164 Wn.2d 174, 181, 189 P.3d 126 (2008). A discretionary decision is based on untenable or unreasonable grounds if it rests on facts unsupported by the record or was reached by applying an incorrect legal standard. *Thompson*, 173 Wn.2d at 870.

RCW 10.73.170 allows a convicted person serving a prison sentence to request postconviction DNA testing. The postconviction DNA testing statute imposes both substantive and procedural requirements. *State v. Riofta*, 166 Wn.2d 358, 364, 209 P.3d 467 (2009). The motion for DNA testing must state that (1) "[t]he court ruled that DNA testing did not meet acceptable scientific standards," (2) the DNA testing technology was not sufficiently developed to test the relevant DNA, or (3) new DNA testing could be significantly more accurate or would "provide significant new information." RCW 10.73.170(2)(a)(i)-(iii). The motion must also "[e]xplain why DNA evidence is material to the identity of the perpetrator of, or accomplice to, the crime, or to sentence enhancement." RCW 10.73.170(2)(b). The motion must further "[c]omply with all other procedural requirements established by court rule." RCW 10.73.170(2)(c). Once these requirements are met, the superior court must grant the motion if "the convicted person has shown the likelihood that the DNA evidence would demonstrate innocence on a more probable than not basis." RCW 10.73.170(3).

Assuming without deciding that King satisfies the procedural requirements of RCW 10.73.170, we hold that the superior court did not abuse its discretion by concluding that King failed to satisfy the substantive requirement of RCW 10.73.170(3). In contrast with the "lenient"

procedural requirements of RCW 10.73.170(2), the substantive requirement of RCW 10.73.170(3) is "onerous." *Riofta*, 166 Wn.2d at 367. In reviewing whether a motion for postconviction DNA satisfies the substantive requirement, we presume the DNA test results would be favorable to the convicted person and ask whether the newly discovered, favorable DNA test results, in light of all of the evidence presented at trial, would raise the likelihood that the convicted person is innocent on a more probable than not basis. *Riofta*, 166 Wn.2d at 367-68. King fails to meet this burden.

The superior court properly concluded that King failed to show that DNA test results would demonstrate his innocence on a more probable than not basis. King does not dispute that he had sexual intercourse with the victim and assumes in his motion that the postconviction DNA test would show the presence of his DNA. He contends that the DNA test results may show the presence of other DNA, as well as his, thus supporting his theory that the victim was having sexual intercourse with other men and lied about King raping her to cover up her affairs.[1] But whether the victim had sexual intercourse with other men has no bearing on whether she consented to sexual intercourse with King. At best, King could attempt to use a mixed DNA sample to undermine the victim's credibility.[2] But RCW 10.73.170(3) requires more than a showing that a DNA test may result in evidence favorable to the convicted person. To receive a postconviction DNA test, the convicted person must show that the "DNA evidence would demonstrate *innocence* on a more probable than not basis." RCW 10.73.170(3) (emphasis added).

---

[1] In his appeal, King seems to have abandoned his argument that if the DNA test showed only his DNA it would demonstrate his innocence because it would "show Defendant allowed [the victim] to change her clothes which supports an inference to consensual sex." CP at 53.

[2] It is doubtful whether such evidence would be admissible for that purpose under RCW 9A.44.020, the rape shield statute.

Although we presume the DNA evidence will be favorable to the convicted person, we also evaluate the presumed favorable DNA evidence in the context of all the evidence. *Riofta*, 166 Wn.2d at 369. Given the strength of the evidence and the limited probative value of even favorable DNA test results, King cannot show that the DNA evidence would demonstrate innocence on a more probable than not basis. The arresting officer's declaration of probable cause stated that the victim approached multiple people at Walgreens seeking help. When law enforcement contacted King, he ran. The victim recalled that King duct taped her wrists, ankles, and mouth to restrain and silence her while he raped her. The victim and King both recalled that King squirted acid in the victim's eye while she was bound with duct tape. King's account of the events differed only in that he claimed the sexual intercourse was consensual, he duct taped the victim to "try a new sexual experience," and he accidentally squirted acid in her eye. Suppl. CP at 200.

Assuming a favorable DNA test result and considering all of the evidence, the record supports the superior court's conclusion that King did not establish his innocence on a more probable than not basis.[3] We affirm.

---

[3] The State seems to suggest that King's guilty plea, including his waiver of his right to present a defense, would preclude him from obtaining a new trial even if DNA test results were favorable to him. Because we conclude that King is not entitled to DNA testing under RCW 10.73.170, we do not address this argument.

No. 52747-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Maxa, C.J.

Sutton, J.